759 A.2d 1227

JUDITH CAMBRIA AND THE LEAGUE OF WOMEN VOTERS OF NEW JERSEY, INC., PLAINTIFFS–APPELLANTS, v. DEFOREST B. SOARIES, SECRETARY OF STATE OF THE STATE OF NEW JERSEY, AND JOHN J. FARMER, JR., ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 25, 2000—Decided October 10, 2000.

Before Judges NEWMAN, BRAITHWAITE and WELLS.

*Douglas S. Eakeley*, argued the cause for appellants (*Lowenstein Sandler PC*, attorneys, *Mr. Eakeley*, of counsel, *Deborah A. Silodor*, on the brief).

*Patrick DeAlmeida*, Deputy Attorney General, argued the cause for respondents (*John J. Farmer, Jr.*, Attorney General, pro se and as attorney for DeForest B. Soaries, Secretary of State, *Michael J. Haas*, Assistant Attorney General, of counsel; *Mr. DeAlmeida*, on the brief).

PER CURIAM.

Plaintiffs, Judith Cambria and the League of Women Voters of New Jersey, challenge a proposed amendment to the *N.J. Const.* art. VIII, § 2, ¶ 4, which dedicates money in the General Fund to a special account for the Transportation Trust Fund (TTF). The proposed amendment seeks to (1) dedicate $0.09 instead of $0.025 per gallon from tax imposed on the sale of motor fuels to the TTF; (2) dedicate at least $200,000,000 of annual revenues derived from petroleum products gross receipts tax to the TTF; and (3) dedicate at least $200,000,000 derived from the annual revenues generated by the sales and use tax to the TTF. Plaintiffs assert that the single amendment asks three separate questions of the public which is in violation of the requirements set forth by Article IX, Paragraph 5, requiring multiple amendments to be proposed to the people "separately and distinctly."

The facts are not disputed and may be summarized as follows. Senate Concurrent Resolution No. 1 (Resolution) proposes to

amend the *N.J. Const.* art. VIII, § 2, ¶ 4, which dedicates money in the General Fund to a special account for the TTF. Article VIII, section 2, paragraph 4 "provides for the dedication of revenue derived from $0.025 per gallon from the tax imposed on the sale of motor fuels pursuant to chapter 39 of Title 54 to a special account of the TTF." The Resolution, specifically, proposes the following questions to voters: (1) whether to dedicate nine cents (instead of $0.025) per gallon of the gasoline tax raised each fiscal year commencing on or after July 1, 1999; (2) whether to dedicate an amount not less than $100,000,000 of annual revenues derived from the petroleum products gross receipts tax pursuant to *N.J.S.A.* 54:15B–1 *et seq.* during this fiscal year and, not less than $200,000,000 during each fiscal year thereafter; and (3) whether to dedicate an amount not less than $80,000,000 derived from the annual revenues generated by the sales and use tax pursuant to *N.J.S.A.* 54:32B–1 *et seq.* during the next fiscal year, not less than $140,000,000 during the following fiscal year and not less than $200,000,000 each fiscal year thereafter. On June 26, 2000, the State Senate approved the Resolution by a vote of 37 to 1. The State Assembly approved the Resolution by a vote of 78 to 1 on June 29, 2000. The following day, the Resolution was filed with the Secretary of State.

On July 24, 2000, plaintiffs filed a verified complaint in lieu of prerogative writs and an order to show cause seeking temporary restraints against defendants. Judge Linda Feinberg denied temporary restraints, indicating that the matter would be adjudicated on the merits prior to any filing deadlines which had to be met to place the amendment on the November ballot. Defendants cross-moved to dismiss the verified complaint for a failure to state a claim pursuant to *R.* 4:6–2(e).

On August 4, 2000, Judge Feinberg heard the case on the merits and in a written decision, denied plaintiffs' application for preliminary injunctive relief and granted defendants' motion to dismiss the verified complaint. Specifically, Judge Feinberg held (1) that "Article IX of the Constitution of New Jersey does not

impose a limitation on the amount of changes that may be included in one constitutional amendment or a ['single subject'] requirement on public questions addressing proposed constitutional amendments"; and (2) that "even if Article IX is viewed as imposing a 'single object' standard on proposed constitutional amendments, the public question at issue in this matter is valid because it presents the sole question of whether voters wish to dedicate money in the general fund for deposit in the transportation trust fund."

On August 9, 2000, plaintiffs filed a notice of appeal and an application for leave to proceed on an emergent basis and for preliminary injunctive relief. This court denied plaintiffs' application for a preliminary injunction, but set an accelerated briefing and hearing schedule for the appeal.

■ On appeal, plaintiffs contend that the trial court erred in holding that Article IX of the Constitution of New Jersey does not contain a limitation or restriction "on what a Constitutional amendment can include, and importantly, the amount of subjects or issues that can be addressed in one single amendment." Plaintiffs argue that Article IX, paragraph 5 of the Constitution of New Jersey places a much more significant limitation on legislative authority than the "single object" rule contained in both Article IV, section 7, paragraph 4 and Article VIII, section 2, paragraph 3. According to plaintiffs, the citizenry is deprived of voting "separately and distinctly," as required by Article IX, paragraph 5, on each of the three questions contained in the single amendment, requiring the voter instead to vote "yes" or "no" to the dedication of the gasoline tax, the petroleum products tax and the sales and use tax.

■ We disagree. Although Article IX, paragraph 5 does not provide merely a procedural requirement, as suggested by Judge Feinberg, the only content requirement is that if one or more amendments are proposed, the content of these amendments may not be combined. In other words, they are to be "separate and distinct." For example, on the upcoming November 2000 ballot,

this proposed amendment cannot be combined with the proposed constitutional amendment of Article IV, section 7 which proposes to establish that the State may make available to the general public certain information identifying sex offenders. *S. Con. Res.*, 209th Leg., 2000 N.J. Sess. Law Serv. SCR1. Here, the Legislature proposed "one" amendment. Although this amendment contains several changes to Article VIII, section 2, paragraph 4, it is nonetheless one amendment and may be proposed to the people as such.

The term "amendment" is not defined in the Constitution nor in any cases. Black's Law Dictionary defines "amendment" as "a formal revision or addition proposed or made to a statute, constitution, or other instrument." *Black's Law Dictionary*, 81 (7th ed.1999). This definition, however, does not imply one or several changes, but rather an overall change. Here, the Legislature proposed one "amendment" to make an overall change to Article IV, section 2, paragraph 4. Although this one amendment proposes three income sources which will be deposited in the same fund to be used for "paying or financing the cost of planning, acquisition, engineering, construction, reconstruction, repair and rehabilitation of the transportation system in this State," *N.J. Const.* art. VIII, § 2, ¶ 4, it remains, in essence, one amendment. Therefore, the terms "separately and distinctly" as used in Article IX, paragraph 5 do not impose a more onerous content restriction as suggested by plaintiffs. Moreover, since plaintiffs conceded at oral argument that Article IX, paragraph 5 does not even impose a single object standard upon proposed amendments, which is easily satisfied by this amendment, *see New Jersey Association on Correction v. Lan*, 80 *N.J.* 199, 403 *A.2d* 437 (1979), the proposed amendment stands as formulated by the Legislature and may be submitted to the people for their vote.

Except as qualified herein, we affirm substantially for the reasons expressed in Judge Feinberg's decision dated August 4, 2000.